## RISO v. REX SHIRT CO., Inc.

### No. 14983.

Court of Appeal of Louisiana. Orleans.

Oct. 7, 1935.

Stephen C. Hartel, of New Orleans, for appellant.

Frymire & Ramos, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for damages to the stock in trade, consisting of paper, cartons, envelopes, etc., belonging to Dominick Riso, the plaintiff herein, and which damages are alleged to have been caused by water originating in the premises of the defendant, Rex Shirt Company, Inc., whose place of business occupies the fourth or top floor of a building, the three lower floors of which are occupied by the plaintiff. The damages claimed amounted to $702.16 plus the sum of $15 per month beginning June 9, 1932, as storage for the damaged merchandise.

There was judgment below in favor of plaintiff in the sum of $64.33 and plaintiff has appealed.

An exception of no cause or right of action was filed, and overruled, whereupon the defendant answered denying liability and especially pleading, in the alternative, the failure of plaintiff to minimize the damages alleged to have been sustained.

As the case was presented in oral argument and in brief in this court, only the question of quantum remains for our consideration.

On June 9, 1932, plaintiff's merchandise was damaged by water which, in some manner, escaped from a boiler, operated by the defendant company, and leaked below. Immediately after the damage had been sustained, plaintiff moved a quantity of merchandise which he claimed to have been damaged to another building owned by him, and it is for the use of the space occupied by this merchandise thus removed that he demands $15 per month rent as an item of damages.

In regard to this claim, we find that it has not been substantiated by the testimony in the record. The entire building is said to have a rental value of $75 per month, but there is no proof that the space

occupied by the damaged paper is worth $15 per month, nor is there anything to indicate that if the paper had not been stored there, it would have been usefully or profitably employed. In other words, no damage on this account has been proven.

Shortly after the paper had been transferred to the new location, the defendant requested the plaintiff to appoint some one to co-operate with one of its employees in an effort to inventory and appraise the damaged merchandise and segregate it from the undamaged portion because it was claimed that some of the merchandise moved to the new location was undamaged. The defendant appointed as its representative C. W. Rutter and plaintiff appointed Paul Cardarella, who was actually selected by plaintiff's wife, who appears to have had an important part in the management of plaintiff's business. An inventory of the damaged paper was made by these parties, and by comparison with invoices obtained from the plaintiff the damage to the paper was placed at the sum of $64.33. The plaintiff repudiates the action of his representative and claims that all of the merchandise removed to the new location was totally useless. A large part of the stock consisted of containers for food, and the point is made that the least contamination of such containers renders them worthless. According to the testimony of some of the witnesses the plaintiff is correct, and according to that of other witnesses he is not. Two experts testifying for defendant gave the value of the damaged property as 80 per cent. of its original value. The actual extent of plaintiff's damage has not been ascertained in the usual way, by the sale of the damaged goods in order that a comparison of the proceeds of such sale may be made with the cost of the merchandise, and it is, we believe, this circumstance which induced our brother below to nonsuit plaintiff in all of his claim except $64.33. On our part, while we are not confident that the amount awarded plaintiff is adequate, it represents the only basis upon which a judgment could be founded with legal certainty; consequently, after reviewing the lengthy record and digesting the conflicting testimony, we have reached the conclusion that the judgment appealed from must be affirmed.

Affirmed.